CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
JAN 31 2011
JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| CHARLES M. STOYLE, | ) |
| Plaintiff, | ) Civil Action No. 5:10CV00058 |
| v. | ) **MEMORANDUM OPINION** |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) By: Honorable Glen E. Conrad<br>) Chief United States District Judge |
| Defendant. | ) |

Plaintiff has filed this action challenging the final decision of the Commissioner of Social Security denying plaintiff's claims for disability insurance benefits and supplemental security income benefits under the Social Security Act, as amended, 42 U.S.C. §§ 416(i) and 423, and 42 U.S.C. § 1381 et seq., respectively. Jurisdiction of this court is pursuant to 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3). This court's review is limited to a determination as to whether there is substantial evidence to support the Commissioner's conclusion that plaintiff failed to establish entitlement to benefits under this Act. If such substantial evidence exists, the final decision of the Commissioner must be affirmed. Laws v. Celebrezze, 368 F.2d 640 (4th Cir. 1966). Stated briefly, substantial evidence has been defined as such relevant evidence, considering the record as a whole, as might be found adequate to support a conclusion by a reasonable mind. Richardson v. Perales, 402 U.S. 389, 400 (1971).

The plaintiff, Charles M. Stoyle, was born on May 24, 1954 and eventually completed his high school education. Mr. Stoyle also attended college for a short period of time. Plaintiff has worked primarily as a truck driver for an equipment leasing company and as a dispatcher for a cab company. He last worked on a regular and sustained basis in 2002. On August 21, 2006, Mr. Stoyle

filed applications for disability insurance benefits and supplemental security income benefits. Plaintiff alleged that he became disabled for all forms of substantial gainful employment on October 1, 2002 due to chronic back pain, cellulitis, Hepatitis C, and irregular heartbeat. Mr. Stoyle now maintains that he has remained disabled to the present time. As to his application for disability insurance benefits, the record reveals that Mr. Stoyle met the insured status requirements of the Act through the fourth quarter of 2008, but not thereafter. See gen., 42 U.S.C. §§ 416(i) and 423(a). Consequently, plaintiff is entitled to disability insurance benefits only if he has established that he became disabled for all forms of substantial gainful employment on or before December 31, 2008. See gen., 42 U.S.C. § 423(a).

Mr. Stoyle's applications were denied upon initial consideration and reconsideration. He then requested and received a de novo hearing and review before an Administrative Law Judge. In an opinion dated August 28, 2008, the Law Judge also determined that plaintiff is not disabled. The Law Judge found that Mr. Stoyle suffers from severe impairments, including degenerative disc disease and a right knee injury, status post right knee arthroscopy and medial meniscomy. Because of these impairments, the Law Judge determined that plaintiff is disabled for his past relevant work roles. However, the Law Judge found that Mr. Stoyle remains capable of performing a full range of light exertional activity. Given a residual functional capacity for light exertion, and after considering plaintiff's age, education, and prior work experience, the Law Judge applied the medical vocational guidelines so as to conclude that Mr. Stoyle retains sufficient functional capacity to perform several specific light work roles existing in significant number in the national economy. See gen., 20 C.F.R. §§ 404.1569 and 416.969, and Rules 202.14 and 202.21 of Appendix 2 to Subpart P of the Administrative Regulations Part 404. Accordingly, the Law Judge ultimately

2

concluded that Mr. Stoyle is not disabled, and that he is not entitled to benefits under either federal program. See 20 C.F.R. §§ 404.1520(g) and 416.920(g). The Law Judge's opinion was adopted as the final decision of the Commissioner by the Social Security Administration's Appeals Council. Having exhausted all available administrative remedies, Mr. Stoyle has now appealed to this court.

While plaintiff may be disabled for certain forms of employment, the crucial factual determination is whether plaintiff is disabled for all forms of substantial gainful employment. See 42 U.S.C. §§ 423(d)(2) and 1382c(a). There are four elements of proof which must be considered in making such an analysis. These elements are summarized as follows: (1) objective medical facts and clinical findings; (2) the opinions and conclusions of treating physicians; (3) subjective evidence of physical manifestations of impairments, as described through a claimant's testimony; and (4) the claimant's education, vocational history, residual skills, and age. Vitek v. Finch, 438 F.2d 1157, 1159-60 (4th Cir. 1971); Underwood v. Ribicoff, 298 F.2d 850, 851 (4th Cir. 1962).

After a review of the record in this case, the court is constrained to conclude that the Commissioner's final decision is supported by substantial evidence. Mr. Stoyle suffers from degenerative disc disease in the lumbar spine, with elements of spondylosis, lumbar disc displacement, and lumbar spinal stenosis. He also has a history of derangement of the right knee which required surgery in 2002. More recently, he has been treated for Hepatitis C, venous insufficiency in the lower extremities, atrial fibrillation with dyspnea on exertion, and chronic bronchitis. Despite these problems, the court believes that the medical record supports the Administrative Law Judge's finding of residual functional capacity for up to light levels of exertion.

The court agrees with the Law Judge's assessment that plaintiff's Hepatitis C has not proven to be of vocational significance. The medical record confirms that Mr. Stoyle's venous insufficiency

3

in the lower extremities has proven amenable to conservative treatment. There is no indication of persistent deep vein involvement. Likewise, there is every reason to believe that plaintiff's heart rhythm problems and breathing difficulties can be successfully treated. In any event, there is no medical evidence which suggests that these problems affect plaintiff's capacity for lighter levels of work activity. Mr. Stoyle's back problems and right knee difficulties represent his most significant impairments, in terms of work capacity. Nevertheless, following surgical intervention and a reasonable period of recuperation, it would seem that plaintiff's knee difficulties have been rendered less severe in terms of vocational impact. As for Mr. Stoyle's lower back difficulties, a recent MRI study reveals that there have been no significant changes in plaintiff's status from June of 2002 through August of 2009. While plaintiff's back problems could reasonably be expected to limit his capacity for heavier work, the court must agree that the medical record does not support a finding of total disability for all forms of work activity. Indeed, it must be noted that no physician has suggested that Mr. Stoyle is totally disabled for all forms of work. A state agency physician, who reviewed most of the medical records in the case, specifically concluded that plaintiff should be able to perform the activities associated with light work activity. In short, the court believes that the medical record supports the Law Judge's finding of residual functional capacity for light exertion. The court believes that the Law Judge properly applied the medical vocational guidelines in concluding that Mr. Stoyle retains sufficient functional capacity for several specific light work roles existing in significant number in the national economy.

On appeal to this court, plaintiff argues that the Law Judge erred in evaluating his case in several different respects. Mr. Stoyle notes that the doctors who treated his venous insufficiency recommended that he use high compression stockings and elevate his legs for 10 to 15 minutes at

least four times per day. However, the court must agree that these recommendations were made during a period of time in which plaintiff's condition was first diagnosed and treated, and that the severity of his symptoms, and the need for more rigorous treatment measures, subsided over a relatively short period of time with appropriate medical intervention. As for plaintiff's Hepatitis C, the court agrees that the medical record gives no indication that such a condition would affect plaintiff's capacity to perform lighter work activities.

Mr. Stoyle also argues that the clinical notes in his case, as well as his own testimony, suggest that the symptoms associated with his lower back problems and knee condition are such as to prevent regular and sustained work activity. Once again, the court notes that, following a reasonable recuperation period, no doctor has suggested that plaintiff's knee difficulties are so severe as to limit his ambulation or prevent performance of lighter jobs which do not require significant bending or heavy lifting. In this regard, plaintiff relies heavily on a report from Dr. Glen T. Feltham, the orthopaedic specialist who performed plaintiff's knee surgery. On July 31, 2003, Dr. Feltham reported as follows:

> Last time he was in, I basically released from my care as I didn't feel there was a lot else that I could do for him. Recommended pain management, they sent him to another doctor in Ruckersville, who he was not very happy with, evidently. In any event, at this point, they're now asking me for what his work restrictions are. I'm going to use the last set of work restrictions that I had for him, which were basically tailor-made to try to get him back to work at his previous job, but this gentleman has chronic pain issue now, in his right knee and probably should not be on his feet a lot during the day. Would certainly be able to do some lighter duty-type of work and have advised him that that's the sort of work that he should seek out.

(TR 174). Mr. Stoyle interprets Dr. Feltham's report to indicate that he is no longer able to stand and walk with such regularity as to permit performance of light work activity. However, Dr. Feltham specifically recommended a "lighter duty-type of work." (TR 174). In any event, Dr. Feltham's

5

opinion was given only about eight months after Mr. Stoyle underwent knee surgery. Later medical reports indicate a greater level of function, and fewer subjective complaints, associated with plaintiff's right knee. The court is unable to conclude that the Law Judge's assessment is inconsistent with the findings of the treating physician, Dr. Feltham.

Once again, it must be noted that no physician, treating or otherwise, has suggested that Mr. Stoyle is totally disabled for all forms of work. No medical specialist has indicated that Mr. Stoyle's objective medical conditions are consistent with his complaints of totally disabling subjective discomfort. It is well settled that in order for pain to be found disabling, there must be objective medical evidence establishing some condition that could reasonably be expected to produce the pain alleged. Craig v. Chater, 76 F.3d 585, 592-93 (4th Cir. 1996); Foster v. Heckler, 780 F.2d 1125, 1129 (4th Cir. 1986). In the instant case, the court must conclude that plaintiff's evidence falls short in establishing the existence of a condition which could reasonably cause the level of discomfort described by Mr. Stoyle in his testimony. Cf. Hines v. Barnhart, 453 F.3d 559 (4th Cir. 2006).

In summary, the court concludes that there is substantial evidence to support the Commissioner's disposition in Mr. Stoyle's case. It follows that the final decision of the Commissioner must be affirmed. Laws v. Celebrezze, supra. In affirming the Commissioner's final decision, the court does not suggest that Mr. Stoyle is free of all pain, discomfort, weakness, and fatigue. Indeed, the medical record confirms that plaintiff suffers from serious back and knee problems, which can be expected to result in a variety of musculoskeletal symptoms. However, it must again be noted that no physician has suggested that Mr. Stoyle's problems are totally disabling in overall impact. It must be recognized that the inability to do work without any subjective discomfort does not of itself render a claimant totally disabled. Craig v. Chater, supra at 594-95.

It appears to the court that the Administrative Law Judge considered all of the subjective factors reasonably supported by the medical record in adjudicating plaintiff's claims for benefits. It follows that all facets of the Commissioner's final decision are supported by substantial evidence.

As a general rule, resolution of conflicts in the evidence is a matter within the province of the Commissioner even if the court might resolve the conflicts differently. Richardson v. Perales, supra; Oppenheim v. Finch, 495 F.2d 396 (4th Cir. 1974). For the reasons stated, the court finds the Commissioner's resolution of the pertinent conflicts in the record in this case to be supported by substantial evidence. Accordingly, the final decision of the Commissioner must be affirmed. Laws v. Celebrezze, supra. An appropriate judgment and order will be entered this day.

The clerk is directed to send certified copies of this opinion to all counsel of record.

DATED: This 31st day of January, 2011.

Chief United States District Judge